UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| IN RE AUTOMOTIVE PARTS ANTITRUST LITIGATION | : : : | 2:12-md-02311 Honorable Marianne O. Battani |
| IN RE: IGNITION COILS | : : : | |
| THIS DOCUMENT RELATES TO: DIRECT PURCHASER ACTIONS | : : : : | Case No. 2:13-cv-01401-MOB-MKM |

**MOTION FOR PRELIMINARY APPROVAL OF PROPOSED
SETTLEMENTS WITH THE HIAMS AND MITSUBISHI ELECTRIC
DEFENDANTS AND FOR PROVISIONAL CERTIFICATION
OF DIRECT PURCHASER SETTLEMENT CLASS**

Direct Purchaser Plaintiff All European Auto Supply, Inc. ("Plaintiff") hereby moves the

Court, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for preliminary approval of the

proposed settlements with Defendant Hitachi Automotive Systems, Ltd. ("HIAMS") for HIAMS,

Hitachi, Ltd. and Hitachi Automotive Systems Americas, Inc. (collectively "HIAMS

Defendants"), and with Defendants Mitsubishi Electric Corporation, Mitsubishi Electric US

Holdings, Inc., and Mitsubishi Electric Automotive America, Inc. (collectively, "Mitsubishi

Electric"), and for provisional certification of the HIAMS Defendants Settlement Class and

Mitsubishi Electric Settlement Class (together, the "Proposed Settlement Classes"). In support of

this motion, Plaintiff relies upon the accompanying memorandum of law, which is incorporated

by reference herein.

The parties do not request a hearing for this motion. HIAMS and Mitsubishi Electric

consent to this motion and to the entry of the proposed orders preliminarily approving the proposed

settlements and provisionally certifying the Proposed Settlement Classes.

DATED: August 10, 2018                    Respectfully submitted,

                                          _/s/David H. Fink_____
                                          David H. Fink (P28235)
                                          Darryl Bressack (P67820)
                                          Nathan J. Fink (P75185)
                                          FINK + ASSOCIATES LAW
                                          38500 Woodward Ave; Suite 350
                                          Bloomfield Hills, MI 48304
                                          Telephone: (248) 971-2500

                                          ***Interim Liaison Counsel for the Direct
                                          Purchaser Plaintiff***

Steven A. Kanner                          Joseph C. Kohn
William H. London                         William E. Hoese
Michael E. Moskovitz                      Douglas A. Abrahams
FREED KANNER LONDON                       KOHN, SWIFT & GRAF, P.C.
    & MILLEN LLC                          1600 Market Street, Suite 2500
2201 Waukegan Road, Suite 130             Philadelphia, PA  19103
Bannockburn, IL  60015                    Telephone: (215) 238-1700
Telephone: (224) 632-4500

Gregory P. Hansel                         Eugene A. Spector
Randall B. Weill                          William G. Caldes
Michael S. Smith                          Jonathan M. Jagher
PRETI, FLAHERTY, BELIVEAU                 Jeffrey L. Spector
    & PACHIOS LLP                         SPECTOR ROSEMAN & KODROFF, P.C.
One City Center, P.O. Box 9546            1818 Market Street, Suite 2500
Portland, ME  04112-9546                  Philadelphia, PA  19103
Telephone: (207) 791-3000                 Telephone: (215) 496-0300

**Interim Co-Lead Counsel for the Direct Purchaser Plaintiff**

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| **IN RE AUTOMOTIVE PARTS ANTITRUST LITIGATION** | : | **2:12-md-02311** |
|  | : | **Honorable Marianne O. Battani** |
|  | : |  |
| **IN RE: IGNITION COILS** | : |  |
|  | : |  |
|  | : | **Case No. 2:13-cv-01401-MOB-MKM** |
| **THIS DOCUMENT RELATES TO: DIRECT PURCHASER ACTIONS** | : |  |
|  | : |  |
|  | : |  |

**MEMORANDUM IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF PROPOSED SETTLEMENTS WITH THE HIAMS AND MITSUBISHI ELECTRIC DEFENDANTS AND FOR PROVISIONAL CERTIFICATION OF DIRECT PURCHASER SETTLEMENT CLASSES**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................. iii

STATEMENT OF ISSUES PRESENTED ........................................................... vi

STATEMENT OF CONTROLLING OR MOST APPROPRIATE AUTHORITIES ................. vii

I.      INTRODUCTION ..................................................................................... 1

II.     BACKGROUND ....................................................................................... 1

III.    TERMS OF THE SETTLEMENT AGREEMENTS ................................ 2

        A.      The Proposed Settlement Classes ................................................ 2

        B.      The Settlement Amounts ............................................................. 3

        C.      Releases ....................................................................................... 4

        D.      Cooperation ................................................................................. 4

IV.     PRELIMINARY APPROVAL OF THE PROPOSED SETTLEMENT IS
        WARRANTED ......................................................................................... 4

        A.      The Governing Standards. .......................................................... 4

        B.      The Proposed Settlements are Fair and Within the Range of Possible Final
                Approval. ..................................................................................... 6

        C.      Consideration of the Final Approval Criteria Supports Preliminary Approval of
                the Proposed Settlements. ........................................................... 7

                1.      The Likelihood of Plaintiff's Success on the Merits Weighed Against the
                        Amount and Form of the Relief Offered in the Settlement Supports
                        Approval. ........................................................................... 9

                2.      The Complexity, Expense, and Likely Duration of Continued Litigation
                        Favor Approval. ................................................................. 10

                3.      The Judgment of Experienced Counsel Supports Approval. ............... 11

                4.      The Amount of Discovery Completed and the Character of the Evidence
                        Uncovered Are Sufficient. ................................................. 12

                5.      The Reaction of Class Members. ....................................... 12

                6.      The Settlement Agreements are the Product of Arm's-Length
                        Negotiations. ..................................................................... 13

                7.      The Settlements are Consistent with the Public Interest. ................... 13

V.      PROVISIONAL CERTIFICATION OF THE PROPOSED DIRECT PURCHASER
        SETTLEMENT CLASSES IS WARRANTED ...................................... 13

        A.      The Proposed Settlement Classes Satisfy Rule 23(a). ............... 14

                1.      The Proposed Settlement Classes are Sufficiently Numerous. ............... 14

2.      There are Common Questions of Law and Fact. ...................................... 15

3.      Plaintiff's Claims are Typical of Those of the Settlement Classes........... 16

4.      Plaintiff Will Fairly and Adequately Protect the Interests of the Settlement Classes................................................................................................. 17

B.      Plaintiff's Claims Satisfy the Prerequisites of Rule 23(b)(3) for Settlement Purposes. ............................................................................................. 18

1.      Common Legal and Factual Questions Predominate............................... 18

2.      A Class Action is Superior to Other Methods of Adjudication. ............... 19

VI.     CONCLUSION.............................................................................................. 20

# TABLE OF AUTHORITIES

Page(s)

Cases

*Amchem Prods., Inc. v. Windsor*,
  521 U.S. 591 (1997)................................................................... 13, 18, 20
*Barry v. Corrigan*,
  79 F. Supp. 3d 712 (E.D. Mich. 2015)....................................... 15, 16
*Beattie v. CenturyTel, Inc.*,
  511 F.3d 554 (6th Cir. 2007) ........................................................ 18
*Berry v. Sch. Dist. of City of Benton Harbor*,
  184 F.R.D. 93 (W.D. Mich. 1998).............................................. 6, 8
*Carson v. Am. Brands, Inc.*,
  450 U.S. 79 (1981)........................................................................ 7
*Date v. Sony Electronics, Inc.*,
  2013 WL 3945981 (E.D. Mich. Jul. 31, 2013) .................... 11, 14, 16
*Davidson v. Henkel Corp.*,
  302 F.R.D. 427 (E.D. Mich. 2014) ............................................. 14
*Delphi Corp. Sec., Deriv. & "ERISA" Litig.*,
  248 F.R.D. 483 (E.D. Mich. 2008) ........................................... 5, 11
*Dick v. Sprint Commc'ns*,
  297 F.R.D. 283 (W.D. Ky. 2014)................................................. 7
*Exclusively Cats Veterinary Hosp. v. Anesthetic Vaporizer Servs., Inc.*,
  2010 WL 5439737 (E.D. Mich. Dec. 27, 2010) .......................... 15
*Ford v. Fed.-Mogul Corp.*,
  2015 WL 110340 (E.D. Mich. Jan. 7, 2015)............................. 9, 11
*Gautreaux v. Pierce*,
  690 F.2d 616 (7th Cir. 1982) ....................................................... 6
*Granada Invs. Inc. v. DWG Corp.*,
  962 F. 2d 1203 (6th Cir. 1992) .................................................... 13
*Griffin v. Flagstar Bancorp, Inc.*,
  2013 WL 6511860 (E.D. Mich. Dec. 12, 2013) ..................... passim
*Hoving v. Lawyers Title Ins. Co.*,
  256 F.R.D. 555 (E.D. Mich. 2009) .............................................. 18
*In re Am. Med. Sys., Inc.*,
  75 F.3d 1069 (6th Cir. 1996) ....................................................... 15
*In re Auto. Refinishing Paint Antitrust Litig.*,
  617 F. Supp. 2d. 336 (E.D. Pa. 2007) ......................................... 7
*In re Cardizem CD Antitrust Litig.*,
  218 F.R.D. 508 (E.D. Mich. 2003) ........................................ passim
*In re Cardizem CD Antitrust Litig*,
  200 F.R.D. 297 (E.D. Mich. 2007) .............................................. 20
*In re Countrywide Fin. Corp. Customer Data Sec. Breach Litig.*,
  2010 WL 3341200 (W.D. Ky. Aug. 23, 2010) ............................. 7

iii

*In re Flat Glass Antitrust Litig.*,
191 F.R.D 472 (W.D. Pa. 1999) ............................................................ 15, 16

*In re Flonase Antitrust Litig.*,
284 F.R.D. 207 (E.D. Pa. 2012) .................................................................. 20

*In re Global Crossing Sec. & ERISA Litig.*,
225 F.R.D. 436 (S.D.N.Y.2004) ................................................................. 12

*In re Linerboard Antitrust Litig.*,
292 F. Supp. 2d 631 (E.D. Pa. 2003) ................................................. 5, 6, 10

*In re NASDAQ Market-Makers Antitrust Litig.*,
169 F.R.D. 493 (S.D.N.Y 1996) ................................................................. 20

*In re Packaged Ice Antitrust Litig.*,
2010 WL 3070161 (E.D. Mich. Aug. 2, 2010) ....................................... 5, 12

*In re Packaged Ice Antitrust Litig.*,
2011 WL 717519 (E.D. Mich. Feb. 22, 2011) ................................... passim

*In re Packaged Ice Antitrust Litig.*,
2011 WL 6209188 (E.D. Mich. Dec. 13, 2011) ........................................ 12

*In re Polyurethane Foam Antitrust Litig.*,
2015 WL 1639269 (N.D. Ohio Feb. 26, 2015), appeal dismissed .............. 9

*In re Pressure Sensitive Labelstock Antitrust Litig.*,
584 F. Supp. 2d 697 (M.D. Pa. 2008) ......................................................... 6

*In re Scrap Metal Antitrust Litig.*,
527 F.3d 517 (6th Cir. 2008) ............................................................... 18, 19

*In re Southeastern Milk Antitrust Litig.*, 2:07- CV-208,
2013 WL 2155379 (E.D. Tenn. May17, 2013) ............................................ 7

*In re Southeastern Milk Antitrust Litig.*,
2010 WL 3521747 (E.D. Tenn. Sept. 7, 2010) .......................................... 18

*In re Telectronics Pacing Sys. Inc.*,
137 F. Supp. 2d 985 (S.D. Ohio 2001) ............................................... passim

*In re Whirlpool Corp. Front-Loading Washer Prods. Liab. Litig.*,
722 F.3d 838 (6th Cir. 2013) ...................................................... 14, 15, 16

*Int'l Union, United Auto., Aerospace & Agric. Implement Workers of Am. v. Ford Motor Co.*,
2006 WL 1984363 (E.D. Mich. July 13, 2006) .................................. passim

*IUE-CWA v. General Motors Corp.*,
238 F.R.D. 583 (E.D. Mich. 2006) ............................................................. 9

*Lessard v. City of Allen Park*,
372 F. Supp. 2d 1007 (E.D. Mich. 2005) .................................................... 8

*Marsden v. Select Medical Corp.*,
246 F.R.D. 480 (E.D. Pa. 2007) ................................................................ 15

*Olden v. Gardner*,
294 Fed. Appx. 210 (6th Cir. 2008) ............................................................ 8

*Paper Systems Inc. v. Mitsubishi Corp.*,
193 F.R.D. 601 (E.D. Wisc. 2000) ............................................................ 20

*Senter v. Gen. Motors Corp.*,
532 F.2d 511 (6th Cir. 1976) ..................................................................... 17

*Sheick v. Auto. Component Carrier LLC*,
2010 WL 4136958 (E.D. Mich. Oct. 18, 2010) ........................... 8, 9, 11, 13

*Sheick v. Automotive Component Carrier LLC,*
    2010 WL 3070130 (E.D. Mich. Aug. 02, 2010) .................................................... 17
*Sims v. Pfizer, Inc.,*
    2016 WL 772545 (E.D. Mich. Feb. 24, 2016) ....................................................... 8
*Sprague v. General Motors Corp.,*
    133 F.3d 388 (6th Cir. 1998) ....................................................................... 14, 15, 16
*Thacker v. Chesapeake Appalachia, LLC,*
    259 F.R.D. 262 (E.D. Ky. 2009) ............................................................................ 14
*UAW  v. Gen. Motors Corp.,*
    497 F.3d 615 (6th Cir. 2007) .............................................................................. 8, 16
*Van Horn v. Trickey,*
    840 F.2d 604 (8th Cir. 1988) ...................................................................................... 7
*Williams v. Vukovich,*
    720 F.2d 909 (6th Cir. 1983) ......................................................................... 8, 10, 11

Rules

Fed. R. Civ. P. 23(a) ................................................................................................ 14, 18
Fed. R. Civ. P. 23(a)(1) ........................................................................................... 14, 15
Fed. R. Civ. P. 23(a)(2) ........................................................................................... 15, 16
Fed. R. Civ. P. 23(a)(3) ................................................................................................. 16
Fed. R. Civ. P. 23(a)(4) ................................................................................................. 17
Fed. R. Civ. P. 23(b) ............................................................................................... 14, 18
Fed. R. Civ. P. 23(b)(3) ........................................................................................... 18, 19
Fed. R. Civ. P. 23(e)(2) ................................................................................................ 5, 7
Fed. R. Civ. P. 23(g) ..................................................................................................... 17

Other Authorities

4 *NEWBERG ON CLASS ACTIONS*, § 18.05 .............................................................. 15

## STATEMENT OF ISSUES PRESENTED

1.  Whether the proposed settlements between the Direct Purchaser Plaintiff and Defendant Hitachi Automotive Systems, Ltd. ("HIAMS") for HIAMS, Hitachi, Ltd. and Hitachi Automotive Systems Americas, Inc. (collectively "HIAMS Defendants"), and Defendants Mitsubishi Electric Corporation, Mitsubishi Electric US Holdings, Inc., and Mitsubishi Electric Automotive America, Inc. (collectively, "Mitsubishi Electric") (HIAMS and Mitsubishi Electric are the "Settling Defendants"), as set forth in the Settlement Agreements between the Direct Purchaser Plaintiff and the respective Settling Defendants, are sufficiently fair, reasonable and adequate to warrant preliminary approval;

2.  Whether the Court should provisionally certify a HIAMS Defendants Settlement Class and a Mitsubishi Electric Settlement Class (collectively, the "Proposed Settlement Classes") under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure for purposes of the settlements only; and

3.  Whether the Court should appoint All European Auto Supply, Inc., as the representative for the Proposed Settlement Classes, and the law firms of Freed Kanner London & Millen LLC; Kohn, Swift & Graf, P.C.; Preti, Flaherty, Beliveau & Pachios LLP; and Spector Roseman & Kodroff, P.C. as Class Counsel for the Proposed Settlement Classes ("Settlement Class Counsel").

## STATEMENT OF CONTROLLING OR MOST APPROPRIATE AUTHORITIES

*Amchem Prods., Inc. v. Windsor*,
      521 U.S. 591 (1997)

*In re Automotive Parts Antitrust Litig.,* 12-MD-02311, 2:12-cv-00103, Doc. No. 497 (E.D. Mich.
      June 20, 2016)

*Date v. Sony Electronics, Inc.*,
      No. 07-15474, 2013 WL 3945981 (E.D. Mich. Jul. 31, 2013)

*Griffin v. Flagstar Bancorp, Inc.,*
      No. 2:10-cv-10610, 2013 WL 6511860 (E.D. Mich. Dec. 12, 2013)

*In re Cardizem CD Antitrust Litig.*,
      218 F.R.D. 508 (E.D. Mich. 2003)

*In re Delphi Corp. Sec., Deriv. & "ERISA" Litig.*,
      248 F.R.D. 483 (E.D. Mich. 2008)

*In re Packaged Ice Antitrust Litig.*,
      No. 08-MD-01952, 2010 WL 3070161 (E.D. Mich. Aug. 2, 2010)

*In re: Packaged Ice Antitrust Litig.*,
      No. 08-MD-01952, 2011 WL 717519 (E.D. Mich. Feb. 22, 2011)

*In re Scrap Metal Antitrust Litig.*,
      527 F.3d 517 (6th Cir. 2008)

*In re Whirlpool Corp. Front-Loading Washer Prods. Liab. Litig.*,
      722 F.3d 838 (6th Cir. 2013)

*Int'l Union, United Auto., Aerospace & Agric. Implement Workers of Am. v. Ford Motor Co.*,
      No. 05-74730, 2006 WL 1984363 (E.D. Mich. July 13, 2006)

*Sheick v. Auto. Component Carrier LLC*,
      No. 2:09-14429, 2010 WL 4136958 (E.D. Mich. Oct. 18, 2010)

*Sprague v. General Motors Corp.*,
      133 F.3d 388 (6th Cir. 1998)

*In re Telectronics Pacing Sys. Inc.*,
      137 F. Supp. 2d 985 (S.D. Ohio 2001)

*UAW v. General Motors Corp.*,
      497 F.3d 615 (6th Cir. 2007)

## I.     INTRODUCTION

Direct Purchaser Plaintiff All European Auto Supply, Inc. ("Plaintiff"), on behalf of Settlement Classes comprised of direct purchasers of Ignition Coils in the United States, have reached settlements with HIAMS and Mitsubishi Electric.  Under the terms of the proposed settlement between Plaintiff and HIAMS, HIAMS will pay $2,653,846.  Under the terms of the proposed settlement agreement between Plaintiff and Mitsubishi Electric, Mitsubishi Electric will pay $2,986,486.  Additionally, both HIAMS and Mitsubishi Electric have agreed to provide substantial cooperation to assist Plaintiff in the prosecution of the claims against the remaining Defendants.

Plaintiff respectfully moves this Court for Orders preliminarily approving the proposed settlements with HIAMS and Mitsubishi Electric, and provisionally certifying the HIAMS Defendants Settlement Class and the Mitsubishi Electric Settlement Class.  Plaintiff will seek authorization to disseminate notice to members of the Proposed Settlement Classes pursuant to a plan to be submitted to the Court in a separate motion.

## II.    BACKGROUND

In May 2015, Plaintiff filed a class action lawsuit[1] against Defendants on behalf of direct purchasers of "Ignition Coils."[2]  Plaintiff alleges that Defendants conspired to raise, fix, maintain, and stabilize prices, rig bids, and allocate the supply of Ignition Coils sold in the United States, in violation of federal antitrust laws.  Plaintiff further alleges that as a result of the conspiracy, it and other direct purchasers of Ignition Coils were injured by paying more for those products than they

---

[1] *All European Auto Supply, Inc. v. Denso Corporation, et al.,* 2:15-cv-11830-MOB-MKM, Doc. No. 1 (E.D. Mich. May 20, 2015).

[2] "Ignition Coils" are devices that are part of a vehicle's fuel ignition system and release energy to ignite a fuel mixture.

would have paid in the absence of the alleged illegal conduct, and it seeks recovery of treble damages, together with reimbursement of costs and an award of attorneys' fees.

## III.     TERMS OF THE SETTLEMENT AGREEMENTS

After months of negotiations with Mitsubishi Electric's counsel, Plaintiff reached a settlement (attached as Exhibit 1) with Mitsubishi Electric on March 12, 2018.  On March 12, 2018, following extended negotiations with HIAMS' attorneys, Plaintiff entered into a settlement with HIAMS (attached as Exhibit 2).  Each of these Settlement Agreements was executed after arm's-length negotiations between experienced and sophisticated counsel.   During the negotiations, the merits of the respective parties' positions were discussed and evaluated.  As part of the settlement negotiations, the parties communicated extensively, and Settlement Class Counsel analyzed information provided to them by Defendants, relevant industry data, and other pertinent information.

The settlements with HIAMS and with Mitsubishi Electric are the result of these good-faith negotiations, after factual investigation and legal analysis by experienced counsel, and are based upon the attorneys' full understanding of the strengths and weaknesses of their cases and their clients' respective positions.   Plaintiff believes that the proposed settlements are fair, reasonable and adequate for the Proposed Settlement Classes.

The material terms of the proposed settlements are summarized below.

### A.     The Proposed Settlement Classes

Plaintiff and HIAMS seek certification, for purposes of the settlement for HIAMS Defendants only, of the HIAMS Defendants Settlement Class, which is defined as follows:

> All individuals and entities who purchased Ignition Coils in the United States directly from Defendants (or their subsidiaries or affiliates) from January 1, 2000 through March 12, 2018.  Excluded from the Settlement Class are Defendants, their present and former parent companies, subsidiaries and affiliates, federal governmental

2

> entities and instrumentalities of the federal government, and states
> and their subdivisions, agencies and instrumentalities.

Exhibit 2 at ¶ 17.

Plaintiff and Mitsubishi Electric seek certification, for purposes of the Mitsubishi Electric settlement only, of the Mitsubishi Electric Settlement Class, which is defined as follows:

> All individuals and entities who purchased Ignition Coils in the
> United States directly from one or more Defendants (or their
> subsidiaries, affiliates, or joint ventures) from January 1, 2000
> through March 12, 2018.  Excluded from the Settlement Class are
> Defendants, their present and former parent companies, subsidiaries,
> and affiliates, federal governmental entities and instrumentalities of
> the federal government, and states and their subdivisions, agencies
> and instrumentalities.

Exhibit 1 at ¶ 10.

For purposes of the Proposed Settlement Class definitions set forth above, the following entities are Defendants: Hitachi Automotive Systems, Ltd.; Hitachi Automotive Systems Americas, Inc.; Hitachi, Ltd.; Denso Corporation; Denso International America, Inc.; Denso Products and Services Americas, Inc.; Denso International Korea Corporation;  Diamond Electric Mfg. Co., Ltd.; Diamond Electric Mfg. Corporation; Mitsubishi Electric Corporation; Mitsubishi Electric US Holdings, Inc.; and Mitsubishi Electric Automotive America, Inc.

### B. The Settlement Amounts

The HIAMS Settlement Amount for Ignition Coils is $2,653,846.  HIAMS will pay the settlement funds into an interest-bearing escrow account.  Exhibit 2 at ¶¶ 31-32.  The Mitsubishi Electric Settlement Amount for Ignition Coils is $2,986,486.   Mitsubishi Electric will pay the settlement funds into an interest-bearing escrow account.  Exhibit 1 at ¶¶ 24-25.[3]

---

[3] HIAMS Defendants' and Mitsubishi Electric's sales to members of the Proposed Settlement Classes remain in the case as a potential basis for joint and several liability and damages against other current Defendants and co-conspirators.  Exhibit 2 at ¶ 51; Exhibit 1 at ¶ 45.

C.      Releases

Each Settlement Agreement provides, *inter alia,* for the release by Plaintiff and the other members of that Settlement Class of certain claims concerning sales of Ignition Coils to customers who purchased those products in the United States directly from a Defendant.

The releases specifically exclude certain claims against HIAMS Defendants and Mitsubishi Electric, including claims based upon indirect purchases of Ignition Coils; claims based on negligence, personal injury, or product defects; and claims relating to purchases of Ignition Coils outside the United States.  Exhibit 2 at ¶ 29; Exhibit 1 at ¶ 22.

D.      Cooperation

These are partial settlements of the claims in the Complaint, as they are for HIAMS Defendants and Mitsubishi Electric only.  Plaintiff is continuing to prosecute the case against the remaining Defendants.    HIAMS and Mitsubishi Electric have agreed to assist Plaintiff in the prosecution of the lawsuit against the remaining Defendants by each providing the following types of cooperation: (a) the production of documents, data and other information potentially relevant to Plaintiff's claims; (b) assistance in understanding information produced to Plaintiff and facilitating the use of such information at trial; (c) meetings between Settlement Class Counsel and the attorneys for the respective Settling Defendant who will provide information relevant to the claims in this litigation; (d) witness interviews; (e) depositions; and (f) trial testimony.  Appendix A to Exhibit 2; Exhibit 1 at ¶¶ 32-39.

IV.     PRELIMINARY APPROVAL OF THE PROPOSED SETTLEMENT IS WARRANTED

A.      The Governing Standards.

Approval of a class action settlement involves a three-step process: "(1) the court must preliminarily approve the proposed settlement, (2) members of the class must be given notice of

4

the proposed settlement, and (3) after holding a hearing, the court must give its final approval of the settlement." *In re Automotive Parts Antitrust Litig.,* 12-MD-02311, 2:12-cv-00103, Doc. No. 497, at 8 (E.D. Mich. June 20, 2016) (quoting *In re Telectronics Pacing Sys. Inc.,* 137 F. Supp. 2d 985, 1026 (S.D. Ohio 2001). *See also In re Packaged Ice Antitrust Litig.*, 2010 WL 3070161, at *4 (E.D. Mich. Aug. 2, 2010); *Manual For Complex Litig. (Fourth)* § 21.63 (2004).

"If the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, and falls with[in] the range of possible approval, then the Court should direct that notice be given to the class members of a formal fairness hearing, at which evidence may be presented in support of and in opposition to the settlement." *Telectronics,* 137 F. Supp. 2d at 1015 (quoting *Manual for Complex Litig. (Second)* §30.44 (1985)); *Int'l Union, United Auto., Aerospace & Agric. Implement Workers of Am. v. Ford Motor Co.*, No. 05-74730, 2006 WL 1984363, at *4 (E.D. Mich. July 13, 2006). A proposed settlement falls within the "range of possible approval" under Rule 23(e) where there is a conceivable basis for presuming that the proposed settlement will meet the more rigorous standards applied for final approval. The standard for final approval of a class action settlement is whether the proposed settlement is fair, reasonable and adequate. Fed. R. Civ. P. 23(e)(2); *In re Delphi Corp. Sec., Deriv. & "ERISA" Litig.,* 248 F.R.D. 483, 495-96 (E.D. Mich. 2008). That determination must await the final hearing where the fairness, reasonableness and adequacy of the settlement are assessed under the applicable final approval factors. *See In re Linerboard Antitrust Litig.*, 292 F. Supp. 2d 631, 638 (E.D. Pa. 2003).

In the "preliminary approval" step, the Court conducts a "limited inquiry" to determine "whether the proposed settlement has the 'potential' for final approval and to determine whether there is reason enough to notify class members and to proceed with a fairness hearing." *Packaged*

*Ice*, 2010 WL 3070161 at \*4 (quoting *Gautreaux v. Pierce*, 690 F.2d 616, 621 n. 3 (7th Cir. 1982)). *See also Berry v. Sch. Dist. of City of Benton Harbor,* 184 F.R.D. 93, 97 (W.D. Mich. 1998) ("[T]he court first must determine whether the proposed settlement is potentially approvable"). The court "bases its preliminary approval of a proposed settlement upon its familiarity with the issues and evidence of the case as well as the arms-length nature of the negotiations prior to the settlement." *Telectronics,* 137 F. Supp. 2d at 1026.

> **B.     The Proposed Settlements are Fair and Within the Range of Possible Final Approval.**

The settlements provide for cash payments by HIAMS and Mitsubishi Electric of $2,653,846 and $2,986,486, respectively. The settlement amounts constitute meaningful recoveries and reflect consideration of information gleaned from Settlement Class Counsel's factual investigation and legal analysis.

Another important aspect of the settlements is the substantial amount of meaningful cooperation that HIAMS and Mitsubishi Electric have agreed to provide. *See, e.g.*, *Automotive Parts*, 2:12-cv-00103, Doc. No. 497, at 11 ("Of great importance in the Court's assessment is the provision in the Settlements requiring discovery cooperation of certain Settling Defendants."). Cooperation is a "substantial benefit" to the class when settling with fewer than all defendants. *Linerboard*, 292 F. Supp. 2d at 643. The cooperation to be provided by the Settling Defendants under the Settlement Agreements provides just such a substantial benefit to the class. *In re Packaged Ice Antitrust Litig.*, No. 08-MD–1952, 2011 WL 717519, at \*10 (E.D. Mich. Feb. 22, 2011); *In re Pressure Sensitive Labelstock Antitrust Litig.*, 584 F. Supp. 2d 697, 702 (M.D. Pa. 2008) ("the benefit of obtaining the cooperation of the Settling Defendants tends to offset the fact that they would be able to withstand a larger judgment.").

6

Settlements reached by experienced counsel that result from arm's-length negotiations are entitled to deference from the court. *Dick v. Sprint Commc'ns*, 297 F.R.D. 283, 296 (W.D. Ky. 2014) ("Giving substantial weight to the recommendations of experienced attorneys, who have engaged in arms-length settlement negotiations, is appropriate....") (quoting *In re Countrywide Fin. Corp. Customer Data Sec. Breach Litig.*, No. 3:08–MD01998, 2010 WL 3341200, at *4 (W.D. Ky. Aug. 23, 2010)); *accord In re Southeastern Milk Antitrust Litig.*, 2:07- CV-208, 2013 WL 2155379, at *5 (E.D. Tenn. May17, 2013); *In re Auto. Refinishing Paint Antitrust Litig.*, 617 F. Supp. 2d 336, 341 (E.D. Pa. 2007).

Because each of the proposed settlements was negotiated at arm's-length by experienced counsel knowledgeable about the facts and the law and is within the range of possible approval, Plaintiff respectfully submits that the settlements merit preliminary approval.

### C. Consideration of the Final Approval Criteria Supports Preliminary Approval of the Proposed Settlements.

As noted above, the Court is not required at the preliminary approval stage to determine whether it will grant final approval of the proposed settlements. Nevertheless, initial consideration of the final approval factors supports preliminary approval of the HIAMS and Mitsubishi Electric settlements.

Fed. R. Civ. P. 23(e)(2) provides that a court may approve a settlement that would bind class members only after a hearing and finding that the settlement is "fair, reasonable, and adequate." *Packaged Ice*, 2011 WL 717519, at *8. Generally, in evaluating a proposed class settlement, the court does "not decide the merits of the case or resolve unsettled legal questions." *Carson v. Am. Brands, Inc.,* 450 U.S. 79, 88 n. 14 (1981). There are two reasons for this. First, the object of settlement is to avoid the determination of contested issues, so the approval process should not be converted into an abbreviated trial on the merits. *Van Horn v. Trickey,* 840 F.2d

7

604, 607 (8th Cir. 1988). Second, "[b]eing a preferred means of dispute resolution, there is a strong presumption by courts in favor of settlement." *Telectronics,* 137 F. Supp. 2d at 1008-09 (citing *Manual (Third)* §30.42). This is particularly true in the case of class actions. *Berry,* 184 F.R.D. at 97.

Both the Sixth Circuit and courts in the Eastern District of Michigan "have recognized that the law favors the settlement of class action lawsuits." *See, e.g., Automotive Parts*, 2:12-cv-00103, Doc. No. 497, at 11 (quoting *Griffin v. Flagstar Bancorp, Inc.*, 2013 WL 6511860, at *2 (E.D. Mich. Dec. 12, 2013)). *Accord Sims v. Pfizer, Inc.*, 2016 WL 772545, at *6 (E.D. Mich. Feb. 24, 2016). A court's inquiry on final approval is whether the proposed settlement is "fair, adequate, and reasonable to those it affects and whether it is in the public interest." *Lessard v. City of Allen Park,* 372 F. Supp. 2d 1007, 1009 (E.D. Mich. 2005) (citing *Williams v. Vukovich,* 720 F.2d 909, 921-23 (6th Cir. 1983)); *Olden v. Gardner*, 294 Fed. Appx. 210, 217 (6th Cir. 2008). This determination requires consideration of "whether the interests of the class as a whole are better served if the litigation is resolved by the settlement rather than pursued." *In re Cardizem CD Antitrust Litig.,* 218 F.R.D. 508, 522 (E.D. Mich. 2003); *Sheick v. Auto. Component Carrier LLC*, 2010 WL 4136958, at *14-15 (E.D. Mich. Oct. 18, 2010).

Courts in the Sixth Circuit have identified related factors relevant in determining whether a settlement is fair, reasonable and adequate: (1) the likelihood of success on the merits weighed against the amount and form of the relief offered in the settlement; (2) the complexity, expense, and likely duration of further litigation; (3) the opinions of class counsel and class representatives; (4) the amount of discovery engaged in by the parties; (5) the reaction of absent class members; (6) the risk of fraud or collusion; and (7) the public interest. *Packaged Ice*, 2011 WL 717519, at *8. *Accord Automotive Parts*, 2:12-cv-00103, Doc. No. 497, at 10; *UAW  v. Gen. Motors Corp.,*

8

497 F.3d 615, 631 (6th Cir. 2007); *Griffin*, 2013 WL 6511860, at *3; *In re Polyurethane Foam Antitrust Litig.*, No. 1:10 MD 2196, 2015 WL 1639269, at *3 (N.D. Ohio Feb. 26, 2015), appeal dismissed (Dec. 4, 2015).   An initial review of the factors supports preliminary approval of the HIAMS and Mitsubishi Electric settlements.

1. **The Likelihood of Plaintiff's Success on the Merits Weighed Against the Amount and Form of the Relief Offered in the Settlement Supports Approval.**

When considering the fairness of a class action settlement, the court should assess it "with regard to a 'range of reasonableness,' which 'recognizes the uncertainties of law and fact in any particular case and the concomitant risks and costs inherent in taking any litigation to completion.'"  *Sheick,* 2010 WL 4136958, *15 (quoting *IUE-CWA v. General Motors Corp.*, 238 F.R.D. 583, 594 (E.D. Mich. 2006)); *Ford*, 2006 WL 1984363, at *21; *Ford v. Fed.-Mogul Corp.*, No. 2:09-CV-14448, 2015 WL 110340, at *6 (E.D. Mich. Jan. 7, 2015).

Plaintiff is optimistic about the likelihood of ultimate success in this matter, but success is not certain.  As this Court has previously noted, success is not guaranteed even in those instances where a settling defendant has pleaded guilty in a criminal proceeding brought by the Department of Justice.  That is because the DOJ is not required to prove class-wide impact or damages, both of which require complex and expensive expert analyses, and the outcome of litigating those issues is uncertain.  *Automotive Parts*, 2:12-cv-00103, Doc. No. 497, at 11.

HIAMS Defendants and Mitsubishi Electric are each represented by highly experienced and competent counsel.  HIAMS Defendants and Mitsubishi Electric undoubtedly would deny Plaintiff's allegations of liability and damages and assert a number of defenses, and Plaintiff believes that they were prepared to defend this case through trial and appeal.  Risk is inherent in any litigation, and this is particularly true with respect to class actions.  So, while optimistic about the outcome of this litigation, Plaintiff must acknowledge the risk that either or both of the Settling

Defendants could prevail with respect to certain legal or factual issues, which could reduce or eliminate any potential recovery.

These risks must be weighed against the settlement consideration: cash payments by HIAMS ($2,653,846) and Mitsubishi Electric ($2,986,486), together with cooperation by each of the Settling Defendants, which is valuable to the Settlement Class members as they continue to litigate against the remaining Defendants. *See Automotive Parts*, 2:12-cv-00103, Doc. No. 497, at 12 ("cooperation strongly militates toward approval" of the settlements) (quoting *Linerboard*, 292 F. Supp. 2d at 643).

Settlement Class Counsel believe that the settlements are an excellent result. Weighing the settlements' benefits against the risks of continued litigation tilts the scale toward approval. *See Griffin*, 2013 WL 6511860, at *4; *Packaged Ice*, 2011 WL 717519, at *9.

> **2. The Complexity, Expense, and Likely Duration of Continued Litigation Favor Approval.**

"Settlements should represent 'a compromise which has been reached after the risks, expense and delay of further litigation have been assessed.'" *Cardizem,* 218 F.R.D. at 523 (quoting *Vukovich,* 720 F.2d at 922). "[T]he prospect of a trial necessarily involves the risk that Plaintiffs would obtain little or no recovery." *Id.* at 523. This is particularly true for class actions, which are "inherently complex." *Telectronics,* 137 F. Supp. 2d at 1013 (settlement avoids the costs, delays, and multitude of other problems associated with complex class actions).

Plaintiff is still litigating with the remaining Defendants, so it is not appropriate to discuss with any specificity Settlement Class Counsel's analysis of the risks of litigation because of the chance that those Defendants would seek to use any such disclosures against Plaintiff going forward. Settlement Class Counsel believe that at this point it is sufficient to state that complex

antitrust litigation of this scope has certain inherent risks that the settlement at least partially negates.

The proposed settlements eliminate the risks, expense and delay with respect to a recovery from HIAMS Defendants and Mitsubishi Electric, ensures substantial payments to the Settlement Class, and provide the Settlement Classes with cooperation that will be used to pursue the claims against the remaining Defendants. This factor also supports preliminary approval of the proposed settlements.

### 3.     The Judgment of Experienced Counsel Supports Approval.

In deciding whether a proposed settlement warrants approval, "[t]he Court should also consider the judgment of counsel and the presence of good faith bargaining between the contending parties." *Delphi*, 248 F.R.D. at 498. Counsel's judgment "that settlement is in the best interests of the class 'is entitled to significant weight, and supports the fairness of the class settlement.'" *Packaged Ice*, 2011 WL 717519, at *11 (quoting *Sheick*, 2010 WL 4136958, at *18); *Fed.-Mogul Corp.*, 2015 WL 110340, at *9. "In the absence of evidence of collusion (there is none here) this Court 'should defer to the judgment of experienced counsel who has competently evaluated the strength of his proofs.'" *Date v. Sony Electronics, Inc.*, No. 07-15474, 2013 WL 3945981, at *9 (E.D. Mich. Jul. 31, 2013) (quoting *Vukovich*, 720 F.2d at 922–23).

Settlement Class Counsel have extensive experience in handling class action antitrust and other complex litigation. They have represented the direct purchaser plaintiffs from the inception of the *Automotive Parts Antitrust Litigation* and negotiated these settlements at arm's length with well-respected and experienced counsel for HIAMS Defendants and Mitsubishi Electric. Settlement Class Counsel believe that each of the proposed settlements is an excellent result.

11

### 4.      The Amount of Discovery Completed and the Character of the Evidence Uncovered Are Sufficient.

Although there has been no formal discovery in this action, information about the Ignition Coils conspiracy was obtained from Defendants and through Settlement Class Counsel's investigation.[4]  The information from these sources and Settlement Class Counsel's factual and legal analysis allowed Settlement Class Counsel to evaluate not only the strengths and weaknesses of the legal case, but also the potential value of the promised cooperation by HIAMS and Mitsubishi Electric.  Based on this information, Settlement Class Counsel believe that the proposed settlements with HIAMS and Mitsubishi Electric are fair, reasonable, and in the best interests of the Settlement Classes, and their opinion supports both preliminary (and final) approval of the settlements.

### 5.      The Reaction of Class Members.

Presently, the Court cannot assess this factor.  Even if there were to be objections, their "existence… does not mean that the settlement is unfair." *Telectronics,* 137 F. Supp. 2d at 1018. A "scarcity of objections – relative to the number of class members overall – indicates broad support for the settlement among Class Members."  *Sheick*, 2010 WL 4136958 at *22; *accord In re Cardizem,* 218 F.R.D. at 527.  Settlement Class Counsel will file with the Court a report on objections or opt-outs, if any, after the applicable deadlines, and prior to the final fairness hearing.

---

[4] Although the amount of discovery completed is a factor to be considered in the settlement approval process, there is no baseline amount of discovery required to satisfy this factor. *Packaged Ice*, 2010 WL 3070161, at *5-6.  The "question is whether the parties had adequate information about their claims." *Griffin*, 2013 WL 6511860, at *4 (quoting *In re Global Crossing Sec. & ERISA Litig.*, 225 F.R.D. 436, 458 (S.D.N.Y.2004)).  *Accord In re Packaged Ice Antitrust Litig.*, No. 08-MD-01952, 2011 WL 6209188, at *13 (E.D. Mich. Dec. 13, 2011) (absence of formal discovery not an obstacle to settlement approval).

6.     **The Settlement Agreements are the Product of Arm's-Length Negotiations.**

There is a presumption that settlement negotiations were conducted in good faith and that the resulting agreement was reached without collusion. *Griffin*, 2013 WL 6511860, at *3; *Packaged Ice*, 2011 WL 717519, at *12; *Ford,* 2006 WL 1984363, at *26; *Sheick,* 2010 WL 4136958, at *19-20. Settlement Class Counsel have extensive experience in handling class action antitrust cases and other complex litigation, and they negotiated at all times at arm's length with counsel for each of the Settling Defendants. Consideration of this factor fully supports preliminary approval of the HIAMS and Mitsubishi Electric settlements as well.

7.     **The Settlements are Consistent with the Public Interest.**

"[T]here is a strong public interest in encouraging settlement of complex litigation and class action suits because they are 'notoriously difficult and unpredictable' and settlement conserves judicial resources." *Cardizem*, 218 F.R.D. at 530 (quoting *Granada Invs. Inc. v. DWG Corp.,* 962 F. 2d 1203, 1205 (6th Cir. 1992). *Accord Griffin*, 2013 WL 6511860, at *5; *Packaged Ice*, 2011 WL 717519, at *12. Plaintiff submits that there is no countervailing public interest that provides a reason to disapprove the proposed settlement. *Griffin*, 2013 WL 6511860, at *5. This factor also supports approval.

V.     **PROVISIONAL CERTIFICATION OF THE PROPOSED DIRECT PURCHASER SETTLEMENT CLASSES IS WARRANTED**

It is well established that a class may be certified for purposes of settlement. *See, e.g., Amchem Prods., Inc. v. Windsor*, 521 U.S. 591 (1997); *Automotive Parts*, 2:12-cv-00103, Doc. No. 497, at 24. At this juncture, Plaintiff is only seeking provisional certification of the HIAMS Defendants Settlement Class and the Mitsubishi Electric Settlement Class in order to send notice to Settlement Class members. Plaintiff will later seek final approval of the Classes for purposes of the settlements. *See Ford*, 2006 WL 1984363, at *3, *18; *Cardizem,* 218 F.R.D. at 516-17. As

13

with preliminary approval of the settlement, Plaintiff will address the factors for final certification here.  *See Thacker v. Chesapeake Appalachia, LLC*, 259 F.R.D. 262, 266-70 (E.D. Ky. 2009).[5]

As demonstrated below, the Settlement Classes meet all of the requirements of Rule 23(a) as well as the requirements of Rule 23(b)(3) for settlement purposes.

### A.  The Proposed Settlement Classes Satisfy Rule 23(a).

Certification of a class requires meeting the requirements of Fed. R. Civ. P. 23(a) and one of the subsections of Rule 23(b).  *In re Whirlpool Corp. Front-Loading Washer Prods. Liab. Litig.*, 722 F.3d 838, 850-51 (6th Cir. 2013); *Griffin*, 2013 WL 6511860, at *5; *Ford*, 2006 WL 1984363, at *19 (citing *Sprague v. General Motors Corp.*, 133 F.3d 388, 397 (6th Cir. 1998)).  Certification is appropriate under Rule 23(a) if: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law and fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.  *Griffin*, 2013 WL 6511860, at *5; *Date*, 2013 WL 3945981, at *3.

### 1.  The Proposed Settlement Classes are Sufficiently Numerous.

Class certification under Rule 23(a)(1) is appropriate where a class contains so many members that joinder of all would be "impracticable."  Fed. R. Civ. P. 23(a)(1).  There is no strict numerical test to satisfy the numerosity requirement, and the most important factor is whether joinder of all the parties would be impracticable for any reason.  *Whirlpool*, 722 F.3d at 852 (noting that "substantial" number of class members satisfies numerosity).  *See also Davidson v. Henkel*

---

[5] Paragraph 10 of the proposed HIAMS Preliminary Approval Order and Paragraph 9 of the proposed Mitsubishi Electric Preliminary Approval Order provide that provisional certification of the Settlement Class will be without prejudice to the rights of any Defendant to contest certification of any other class proposed in these coordinated actions.  *See Packaged Ice*, 2011 WL 717519, at *7.

*Corp.,* 302 F.R.D. 427, 441 (E.D. Mich. 2014) (noting it is generally accepted that class of 40 or members is sufficient to satisfy the numerosity requirement).   Moreover, numerosity is not determined solely by the size of the class, but also by the geographic location of class members. *Marsden v. Select Medical Corp.*, 246 F.R.D. 480, 484 (E.D. Pa. 2007).

Here, Settlement Class Counsel believe that there are **hundreds** of direct purchasers of Ignition Coils, geographically dispersed throughout the United States.   Thus, joinder of all Settlement Class members would be impracticable, satisfying Rule 23(a)(1).

### 2.    There are Common Questions of Law and Fact.

Fed. R. Civ. P. 23(a)(2) requires that a proposed class action involve "questions of law or fact common to the class."   "We start from the premise that there need be only one common question to certify a class," *Whirlpool*, 722 F.3d at 853, and "the resolution of [that common issue] will advance the litigation." *Sprague*, 133 F.3d at 397. *Accord Barry v. Corrigan*, 79 F. Supp. 3d 712, 731 (E.D. Mich. 2015); *Exclusively Cats Veterinary Hosp. v. Anesthetic Vaporizer Servs., Inc.*, No. 10-cv-10620, 2010 WL 5439737, at * 3 (E.D. Mich. Dec. 27, 2010) ("[T]here need be only a single issue common to all members of the class") (citing *In re Am. Med. Sys., Inc.,* 75 F.3d 1069, 1080 (6th Cir. 1996)).

It has long been the case that "allegations concerning the existence, scope and efficacy of an alleged conspiracy present questions adequately common to class members to satisfy the commonality requirement." *In re Flat Glass Antitrust Litig.*, 191 F.R.D 472, 478 (W.D. Pa. 1999) (citing 4 NEWBERG ON CLASS ACTIONS, § 18.05-15 (3d ed. 1992)).   Here, whether Defendants entered into an agreement to artificially fix prices of Ignition Coils is a factual question common to all members of the Settlement Classes because it is an essential element of proving an antitrust violation. *See, e.g., Automotive Parts*, 2:12-cv-00103, Doc. No. 497, at 25.   Common legal questions include whether, if such an agreement was reached, Defendants violated the antitrust

15

laws and the impact on Class members.  *Packaged Ice*, 2011 WL 717519, at *6 (holding commonality satisfied by questions concerning "whether Defendants conspired to allocate territories and customers and whether their unlawful conduct caused Packaged Ice prices to be higher than they would have been absent such illegal behavior and whether the conduct caused injury to the Class Members").  "Indeed, consideration of the conspiracy issue would, of necessity focus on defendants' conduct, not the individual conduct of the putative class members."  *Flat Glass*, 191 F.R.D. at 484.  Because there are common legal and factual questions related to potential liability, the commonality requirement of Rule 23(a)(2) is met.

### 3.  Plaintiff's Claims are Typical of Those of the Settlement Classes.

Rule 23(a)(3) requires that "the claims or defenses of the representative parties [be] typical of the claims or defenses of the class."  Fed. R. Civ. P. 23(a)(3).  "If there is a strong similarity of legal theories, the requirement [of typicality] is met, even if there are factual distinctions among named and absent class members."  *Griffin*, 2013 WL 6511860, at *6 (quoting *Ford Motor*, 2006 WL 1984363, at *19); *Date*, 2013 WL 3945981, at *3.

"Typicality is met if the class members' claims are 'fairly encompassed by the named plaintiffs' claims.'"  *Whirlpool*, 722 F.3d at 852 (quoting *Sprague*, 133 F.3d at 399).  Here, Plaintiff's claims arise from the same course of conduct as the claims of the other members of the Proposed Settlement Classes, namely, the Defendants' alleged violations of the antitrust laws. Plaintiff and the Settlement Classes are proceeding on the same legal claim and same alleged violation of Section 1 of the Sherman Antitrust Act.  *See UAW*, 497 F. 3d at 625; *Barry*, 2015 WL 136238, at *13.  Accordingly, the Rule 23(a)(3) typicality requirement is satisfied.

### 4. Plaintiff Will Fairly and Adequately Protect the Interests of the Settlement Classes.

Rule 23(a)(4) requires that the class representative fairly and adequately protect the interests of the class.  "There are two criteria for determining adequacy of representation: (1) the proposed class representative must have common interests with the other class members; and (2) it must appear that the class representative will vigorously prosecute the interests of the class through qualified counsel."  *Sheick v. Automotive Component Carrier LLC,* No. 09–14429, 2010 WL 3070130, at *3 (E.D. Mich. Aug. 02, 2010) (quoting *Senter v. Gen. Motors Corp.,* 532 F.2d 511, 524-25 (6th Cir. 1976)).

These requirements are met here.  The interests of the proposed representative of the Proposed Settlement Classes, Plaintiff All European Auto Supply, Inc., are the same as those of other Settlement Class members.  Plaintiff is a direct purchaser of Ignition Coils from a Defendant in the United States.  Plaintiff and the other Settlement Class members claim that they were injured as a result of the alleged conspiracy and seek to prove that Defendants violated the antitrust laws. Plaintiff's interests are thus aligned with those of the Settlement Classes.

Moreover, Plaintiff has retained qualified and experienced counsel to pursue this action.[6] Settlement Class Counsel vigorously represented Plaintiff and the Settlement Classes in the settlement negotiations with each of the Settling Defendants and have vigorously prosecuted this action.  Adequate representation under Rule 23(a)(4) is therefore satisfied.

---

[6] Rule 23(g) requires the court to examine the capabilities and resources of class counsel to determine whether they will provide adequate representation to the class.  The Court previously appointed Freed Kanner London & Millen LLC; Kohn, Swift & Graf, P.C.; Preti, Flaherty, Beliveau & Pachios LLP; and Spector Roseman & Kodroff, P.C. as Interim Co-Lead Counsel in this case and all other *Automotive Parts Antitrust Litigation* direct purchaser cases.  They submit that, for the same reasons that the Court appointed them to that position, their appointment as Settlement Class Counsel is appropriate.

**B.     Plaintiff's Claims Satisfy the Prerequisites of Rule 23(b)(3) for Settlement Purposes.**

In addition to satisfying Rule 23(a), Plaintiff must show that the putative class falls under at least one of the three subsections of Rule 23(b).  Here, each of the Proposed Settlement Classes qualifies under Rule 23(b)(3), which authorizes class certification if [1] "questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and… [2] a class action is superior to other available methods for the fair and efficient adjudication of the controversy."  *In re Scrap Metal Antitrust Litig.,* 527 F.3d 517, 535 (6th Cir. 2008); *Hoving v. Lawyers Title Ins. Co.*, 256 F.R.D. 555, 566 (E.D. Mich. 2009).

**1.     Common Legal and Factual Questions Predominate.**

The Rule 23(b)(3) requirement that common issues predominate insures that a proposed class is "sufficiently cohesive to warrant certification."  *Amchem*, 521 U.S. at 623.  The predominance requirement is met where "the issues in the class action that are subject to generalized proof, and thus applicable to the class as a whole, . . . predominate over those issues that are subject only to individualized proof."  *Beattie v. CenturyTel, Inc.,* 511 F.3d 554, 564 (6th Cir. 2007) (citation omitted).

Courts have repeatedly recognized that horizontal price-fixing cases are particularly well-suited for class certification because proof of the conspiracy is a common, predominating question. *See, e.g., Automotive Parts*, 2:12-cv-00103, Doc. No. 497, at 27; *Scrap Metal*, 527 F.3d at 535; *Packaged Ice*, 2011 WL 717519, at 6; *In re Southeastern Milk Antitrust Litig.*, No. 2:07-CV-208, 2010 WL 3521747, at *5, 9-11 (E.D. Tenn. Sept. 7, 2010).  Affirming class certification in *Scrap Metal,* the Sixth Circuit observed that the "district court found that the '*allegations* of price-fixing and market allocation…will not vary among class members'….  Accordingly, the court found that

18

the 'fact of damages' was a question common to the class even if the amount of damages sustained by each individual class member varied."  527 F.3d at 535 (emphasis in original).

In this case the same core set of operative facts and theory of liability apply across the Proposed Settlement Classes.  As discussed above, whether Defendants entered into an illegal agreement to artificially fix prices of Ignition Coils is a question common to all Settlement Class members because it is an essential element of proving an antitrust violation. Common questions also include whether, if such an agreement was reached, Defendants violated the antitrust laws, and whether Defendants' acts caused anticompetitive effects.  *See, e.g.*, *Packaged Ice*, 2011 WL 717519, at *6.  If Plaintiff and the other members of the Proposed Settlement Classes were to bring their own individual actions, they would each be required to prove the same wrongdoing by Defendants in order to establish liability.  Therefore, common proof of Defendants' violations of antitrust law will predominate.

### 2.       A Class Action is Superior to Other Methods of Adjudication.

Rule 23(b)(3) lists factors to be considered in determining the superiority of proceeding as a class action compared to individual methods of adjudication: (1) the interests of the members of the class in individually controlling the prosecution of separate actions; (2) the extent and nature of other pending litigation about the controversy by members of the class; (3) the desirability of concentrating the litigation in a particular forum; and (4) the difficulties likely to be encountered in management of the class action.  Fed. R. Civ. P. 23(b)(3).

All Ignition Coils litigation has been centralized in this Court.  If a Settlement Class member wants to control its own litigation, it can request exclusion from either or both of the Settlement Classes.  Thus, consideration of factors (1) - (3) demonstrates the superiority of a class action.

With respect to factor (4), in *Amchem,* 521 U.S. at 620, the Court explained that when a court is asked to certify a settlement-only class it need not consider the difficulties in managing a trial of the case because the settlement will end the litigation without a trial.  *See Cardizem,* 218 F.R.D. at 517.

In addition, even though the Proposed Settlement Classes are not composed of small retail purchasers, "[g]iven the complexities of antitrust litigation, it is not obvious that all members of the class could economically bring suits on their own."  *In re Cardizem CD Antitrust Litig*, 200 F.R.D. 297, 325 (E.D. Mich. 2007) (quoting *Paper Systems Inc. v. Mitsubishi Corp.*, 193 F.R.D. 601, 605 (E.D. Wisc. 2000)).  Moreover, by proceeding as a class action, both judicial and private resources will be more efficiently utilized to resolve the predominating common issues, which will bring about a single outcome that is binding on all members of the Settlement Class.  *E.g., Cardizem*, 200 F.R.D. at 351 ("The economies of time, effort and expense will be achieved by certifying a class in this action because the same illegal anticompetitive conduct by Defendants gives rise to each class member's economic injury.").  The alternatives to a class action are a multiplicity of separate lawsuits with possibly contradictory results for some plaintiffs, *In re Flonase Antitrust Litig.*, 284 F.R.D. 207, 234 (E.D. Pa. 2012), or no recourse for many class members for whom the cost of pursuing individual litigation would be prohibitive.  *In re NASDAQ Market-Makers Antitrust Litig*., 169 F.R.D. 493, 527 (S.D.N.Y 1996).  Thus, class litigation is superior to the alternatives in this case.

## VI.   CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant preliminary approval of the HIAMS and Mitsubishi Electric settlements, and provisionally certify the HIAMS Defendants Settlement Class and the Mitsubishi Electric Settlement Class.

DATED: August 10, 2018                Respectfully submitted,

                                      /s/David H. Fink
                                      David H. Fink (P28235)
                                      Darryl Bressack (P67820)
                                      FINK + ASSOCIATES LAW
                                      38500 Woodward Ave; Suite 350
                                      Bloomfield Hills, MI 48304
                                      Telephone: (248) 971-2500

                                      *Interim Liaison Counsel for the Direct
                                      Purchaser Plaintiff*

                                      Joseph C. Kohn
Steven A. Kanner                      William E. Hoese
William H. London                     Douglas A. Abrahams
Michael E. Moskovitz                  KOHN, SWIFT & GRAF, P.C.
FREED KANNER LONDON                   1600 Market Street, Suite 2500
  & MILLEN LLC                        Philadelphia, PA  19103
2201 Waukegan Road, Suite 130         Telephone: (215) 238-1700
Bannockburn, IL  60015
Telephone: (224) 632-4500

Gregory P. Hansel                     Eugene A. Spector
Randall B. Weill                      William G. Caldes
Michael S. Smith                      Jonathan M. Jagher
PRETI, FLAHERTY, BELIVEAU             Jeffrey L. Spector
  & PACHIOS LLP                       SPECTOR ROSEMAN & KODROFF, P.C.
One City Center, P.O. Box 9546        1818 Market Street, Suite 2500
Portland, ME  04112-9546              Philadelphia, PA  19103
Telephone: (207) 791-3000             Telephone: (215) 496-0300

*Interim Co-Lead Counsel for the Direct Purchaser Plaintiff*

21

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 10, 2018, I electronically filed the foregoing paper with the Clerk of the court using the ECF system which will send notification of such filing to all counsel of record registered for electronic filing.

FINK + ASSOCIATES LAW

By: /s/Nathan J. Fink
David H. Fink (P28235)
Darryl Bressack (P67820)
Nathan J. Fink (P75185)
38500 Woodward Ave; Suite 350
Bloomfield Hills, MI  48304
Telephone: (248) 971-2500
nfink@finkandassociateslaw.com

22